**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

VANESSA MEDINA,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
TREASURY; FEDERAL DEPOSIT
INSURANCE CORPORATION; JOSEPH
R. BIDEN, in his official capacity as
President of the United States of America;
VETERANS BENEFITS
ADMINISTRATION,

    Defendants - Appellees.

No. 24-8000
(D.C. No. 2:23-CV-00241-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff Vanessa Medina appeals from an order of the district court dismissing

her civil complaint and denying her motions to proceed in forma pauperis, for

appointment of counsel, and for service of process at government expense.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the decision of the district court.

I

Medina initiated these federal proceedings on December 22, 2023, by filing in the district court a pro se civil complaint, as well as pro se motions for leave to proceed in forma pauperis, for appointment of counsel, and for service of process at government expense. Medina's complaint named as defendants the United States Department of Treasury, the Federal Deposit Insurance Corporation, the Veterans Benefits Administration, and Joseph R. Biden, in his official capacity as President of the United States. The complaint identified Medina as the "Inventor of Digital Currency VSL Virtual Storage Layer Fusion" and a "Nonprofit Intellectual Property Beneficial owner." ROA at 3. The complaint twice stated that Medina was seeking to "secure the blessings of liberty" and it cited the Regulatory Flexibility Act, the Administrative Procedure Act, and the Rehabilitation Act. *Id*. The complaint also made reference to Medina seeking additional time to "prepare all documents needed." *Id*. The precise nature of the relief sought by Medina in the complaint, however, was unclear.

On December 28, 2023, the district court issued a written order denying Medina's pending motions and dismissing her complaint "pursuant to 28 U.S.C. § 1915(e) screening." *Id*. at 115. In the order, the district court first found that "Medina ha[d] demonstrated an inability to finance her litigation in this matter, pursuant to 28 U.S.C. § 1915(a)," and it therefore "screen[ed] [her] Complaint under

2

28 U.S.C. § 1915(e)." *Id*. at 118.  The district court in turn concluded that "[e]ven liberally construing Plaintiff's Complaint, . . . it fail[ed] to allege facts sufficient to show that" the named "Defendants [we]re plausibly liable for misconduct under Plaintiff's statutory claims." *Id*. at 119.  The district court noted that "Plaintiff's one-page Complaint contain[ed] hardly any discernable factual allegations to support her claims." *Id*.  The district court also noted that the supplemental materials submitted by Medina with her complaint failed to "aid the Court in determining the merits of her claims." *Id*.  Ultimately, the district court concluded that the complaint did "not contain sufficient factual allegations to survive a motion to dismiss" or to "state a plausible claim for relief." *Id*.  The district court therefore concluded "that it would be futile to give Plaintiff an opportunity to amend her Complaint," and it ordered the "claims . . . dismissed with prejudice." *Id*.  As for Medina's motion for appointment of counsel, the district court noted that Medina offered no specific reason in support of the motion, and it therefore "decline[d] to appoint counsel to represent [her]." *Id*. at 121.  Lastly, because the complaint "lack[ed] legal plausibility," the district court also "decline[d] to grant" Medina's motion for service of process at government expense.  *Id*.

Medina filed a notice of appeal on January 8, 2024.  The district court entered final judgment in the case on January 9, 2024, and an amended final judgment on January 10, 2024.

II

We review de novo the district court's order dismissing Medina's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In doing so, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss." *Id.* "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To satisfy this requirement, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

After carefully examining Medina's complaint and supporting documents, we agree with the district court that the complaint fails to state a claim to relief that is plausible on its face. The key problem, as noted by the district court, is that the complaint, aside from identifying Medina as the "inventor of Digital Currency VSL Virtual Storage Layer Fusion IO," contains no factual allegations. ROA at 3. Thus, it is impossible for us to "draw the reasonable inference that" any of the named defendants are "liable for" any type of misconduct that resulted in harm to Medina. *Ashcroft*, 556 U.S. at 678. Notably, Medina's appellate brief provides us with no

4

additional clues as to the claims she was seeking to assert in her complaint. Instead, it simply alleges, in conclusory fashion, a "violation of constitutional rights to property, without due process, notification," and "disabled noncompliance with ADA." Aplt. Br. at 3. We therefore conclude that the district court properly dismissed Medina's complaint for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

III

The judgment of the district court is AFFIRMED. Medina's motion for leave to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge